UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| C. R. PERKINS,<br><br>　　*Plaintiff*,<br><br>v.<br><br>STARBUCKS, INC. IND. and DBA<br>STARBUCKS COFFEE COMPANY,<br>STARBUCKS CORPORATION,<br>and STARBUCKS COFFEE<br>COMPANY,<br><br>　　*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Civ. A. No.: 4:21-cv-4189 |

**DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF CLAIMS IN PLAINTIFF'S ORIGINAL COMPLAINT THAT ARE BARRED BY LIMITATIONS AND PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Jim Staley
Texas State Bar No. 24008071
USDC SD/TX 23108
jim.staley@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH,
　SMOAK & STEWART, P.C.**
500 Dallas Street, Suite 3000
Houston, Texas 77002
713-655-0855
713-655-0020 (Fax)
**ATTORNEY-IN-CHARGE
FOR DEFENDANTS**

**Of Counsel:**
Ryan Swink
USDC SD/TX 3631019
State Bar No. 24107940
Ryan.swink@ogletree.com
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
500 Dallas Street, Suite 3000
Houston, Texas  77002
713-655-0855
713-655-0020 (Fax)

# TABLE OF CONTENTS

Table of Authorities ...................................................................................................ii, iii, iv

I.      Introduction and Nature and Stage of the Proceeding ..........................................................1

          A.      Plaintiff's Employment with Starbucks, His October 15, 2020 Termination, His September 28, 2020 EEOC Charge, and His Lawsuit Allegations Regarding the Same ...................................................................................2

          B.      Plaintiff's Specific Lawsuit Allegations ................................................................3

II.     Statement of the Issues to be Ruled Upon by the Court ......................................................6

III.    Summary of the Argument...................................................................................................6

IV.    Arguments and Authorities ..................................................................................................7

          A.      The Rule 12(b)(6) Standard of Review..................................................................7

          B.      Title VII's and the ADA's Limitations Period and Mandatory Requirement to Exhaust Administrative Remedies.................................................8

          C.      The Court should dismiss Plaintiff's time-barred Title VII and ADA discrimination and retaliation claims based on his October 15, 2020 termination and all alleged adverse actions that occurred during his employment with Starbucks ...................................................................................9

          D.      The Court should dismiss Plaintiff's Title VII and ADA discrimination and retaliation claims based on Starbucks' denial of his "appeal" because he failed to administratively exhaust this claim......................................................10

          E.      The Court should dismiss Plaintiff's time-barred Title VII racial harassment claim because all alleged acts of harassment occurred before his October 15, 2020 termination ...................................................................................12

V.      Amendment is Futile............................................................................................................13

VI     Conclusion ..........................................................................................................................14

Certificate of Service .........................................................................................................15

# TABLE OF AUTHORITIES

**Cases**            **Page(s)**

Allen v. County of Galveston,
  352 F. App'x 937 (5th Cir. 2009) ...................................................................................9

Briggs v. Mississippi,
  331 F.3d 499 (5th Cir. 2003) .......................................................................................13

Carter v. Target Corp.,
  541 F. App'x 413 (5th Cir. 2013) (per curiam) ............................................................2

Castro v. Texas Dept. of Crim. Justice,
  541 F. App'x 374 (5th Cir. Sept. 18, 2013) ..................................................................9

Chhim v. Univ. of Houston Clear Lake,
  129 F. Supp. 3d 507 (S.D. Tex. 2015) (Atlas, J.) .......................................................11

Dao v. Auchan Hypermarket,
  96 F.3d 787 (5th Cir. 1996) ..........................................................................................8

Davis v. Kroger Co.,
  4:13-CV-2892, 2016 WL 193785 (S.D. Tex. Jan. 15, 2016) (Harmon, J.) ...............11

Ernst v. Methodist Hospital Systems,
  1 F4th 333 (5th Cir. 2021) ............................................................................................8

Fort Bend Cty. v. Davis,
  139 S. Ct. 1843 (2019) ..................................................................................................8

Guillory v. St. Landry Parish Police Jury,
  802 F.2d 822 (5th Cir.1986), cert. denied, 482 U.S. 916, 107 S.Ct. 3190, 96
  L.Ed.2d 678 (1987) .....................................................................................................11

Henderson v. Wal Mart Stores Texas, LLC,
  No. 4:10-cv-0317, 2010 WL 1525551 (S.D. Tex. Apr. 14, 2010) (Rosenthal,
  J.) .................................................................................................................................10

Igwe v. Menil Foundation Inc,
  No. 4:17-cv-03689, 2020 WL 7024374 (S.D. Tex. Nov. 30, 2020) (Eskridge,
  J.) ............................................................................................................................9, 10

Jefferson v. Christus St. Joseph Hosp.,
  374 F. App'x 485 (5th Cir.2010) ..................................................................................8

Jenkins v. McKeithen,
  395 U.S. 411 (1969) ......................................................................................................7

Jones v. Bock,
    549 U.S. 199 (2007) ................................................................................................... 7

Ledesma v. Dillard Dept. Stores,
    818 F. Supp. 983 (N.D. Tex. 1993) ............................................................................ 7

Lemaire v. McRae,
    No. H-15-1981, 2015 WL 9303121 (S.D. Tex. Dec. 22, 2015) (Atlas, J.) .............. 11

Lewis v. City of Chicago,
    560 U.S. 205 (2010) ................................................................................................... 8

Lovelace v. Software Spectrum,
    78 F.3d 1015 (5th Cir. 1996) ..................................................................................... 7

Martineau v. Arco Chem. Co.,
    No. H–98–1608, 1998 WL 1173513 (S.D.Tex. Dec.24, 1998), aff'd, 203 F.3d
    904 (5th Cir.2000) (Atlas, J.) ................................................................................... 13

McClain v. Lufkin Indus., Inc.,
    519 F.3d 264 (5th Cir. 2008) .................................................................................. 8, 9

National Railroad Passenger Corp. v. Morgan,
    536 U.S. 101 (2002) ................................................................................................... 9

Pacheco v. Mineta,
    448 F.3d 783 (5th Cir. 2006) .................................................................................. 7, 8

Rhodes v. Guiberson Oil Tools Div.,
    927 F.2d 876 (5th Cir.1991) .................................................................................... 10

Shabazz v. Tex. Youth Comm'n,
    300 F. Supp. 2d 467 (N.D. Tex. 2003) ...................................................................... 7

Sosa v. Guardian Industries Products,
    No. H-06-1614, 2007 WL 1300463 (S.D. Tex. May 3, 2007) (Werlein, J.) ........... 11

Spivey v. Robertson,
    197 F.3d 772 (5th Cir. 1999) ..................................................................................... 7

Stith v. Perot Sys.,
    No. 3:02-CV-1424-D, 2004 WL690884 (N.D. Tex. March 12, 2004) ...................... 9

Waltman v. Int'l Paper Co.,
    875 F.2d 468, 474 (5th Cir. 1989) ............................................................................. 9

Washington v. City of Austin
  No. A–15–CA–222–SS 2015 WL 12990135, *6 (W.D. Tex. Oct. 7, 2015
  (Sparks, J) ..................................................................................................................13

Williams v. AT&T Inc.,
  356 F. App'x 761 (5th Cir.2009) ........................................................................10, 11

Wojciechowski v. Nat'l Oilwell Varco, L.P.,
  No. C–10–43, 2010 WL 1960977 (S.D. Tex. May 13, 2010) (Graham Jack, J.) .....11

Zipes v. TransWorld Airlines,
  455 U.S. 385 (1982)......................................................................................................8

**Statutes**

42 U.S.C. §2000e-5(b), (e), (f)..................................................................................8

42 U.S.C. §12117 ......................................................................................................8

42 U.S.C. §12117(a) .................................................................................................8

ADA ............................................................................................................. *passim*

ADEA Title VII ........................................................................................... *passim*

**Other Authorities**

Rule 12(b)(6).................................................................................................1, 4, 6, 7

**Defendants' Motion for Partial Dismissal of Claims in Plaintiff's Original Complaint that are Barred by Limitations and by Plaintiff's Failure to Exhaust Administrative Remedies**

Starbucks, Inc. Ind. and d/b/a Starbucks Coffee Company, Starbucks Corporation, and Starbucks Coffee Company (collectively, "Defendants" or "Starbucks")[1] file this Motion for Partial Dismissal of Claims in Plaintiff's Original Complaint that are Barred by Limitations and by Plaintiff's Failure to Exhaust Administrative Remedies ("Motion"). Pursuant to Rule 12(b)(6) Starbucks seeks to dismiss Plaintiff's Title VII and ADA claims on the basis that all except one are time-barred and because Plaintiff failed to administratively exhaust the only non-time barred claim alleged. Collectively, in this Motion, Starbucks requests the dismissal of <u>ALL</u> six (6) of Plaintiff's Title VII and ADA claims. This Motion does not seek the dismissal of Plaintiff's two (2) Section 1981 claims. In support of this Motion, Starbucks shows as follows:

### I. Introduction and the Nature and Stage of the Proceeding

This is an employment case. Starbucks is a company engaged in the production, marketing, and retailing of specialty coffee. Plaintiff C.R. Perkins ("Plaintiff") is a former employee of Starbucks who worked at Houston area stores until his termination on October 15, 2020. Plaintiff filed an EEOC Charge on September 28, 2021, 348 days after his termination. Plaintiff received a Right-to-Sue Notice on September 30, 2021. Plaintiff filed this lawsuit on December 29, 2021. See Dkt. No. 1, ("Complaint"). Starbucks waived service of process. See Dkt. No. 7. Starbucks is filing an Answer along with this Motion. The initial pretrial conference is set for April 15, 2022. See Dkt. No. 2.

---

[1] As set forth in Starbucks' Answer, Plaintiff was employed by Starbucks Corporation d/b/a Starbucks Coffee Company. Starbucks objects to the misnaming and inclusion of all other entities named as Defendants in this lawsuit.

1

**A.     Plaintiff's Employment with Starbucks, His October 15, 2020 Termination, His September 28, 2021 EEOC Charge, and His Lawsuit Allegations Regarding the Same.**

According to the Complaint, "[f]rom 2013 through his termination Plaintiff worked as a barista for Defendants" and "was fired on October 15, 2020." See Complaint, ¶¶ 11, 22, 85. Plaintiff alleges that he "*[i]dentifies* as a Black American,"[2] that he is a "Jewish man," and that he is disabled with "depression, anxiety, and ADHD" and "PTSD" as well as a litany of employment discrimination and retaliation claims against Starbuck.  See Complaint, ¶¶ 18-19, 24, and 30.

Plaintiff's Complaint specifically alleges that Starbucks terminated him on October 15, 2020 and informed him the reason was because he had again violated workplace rules after numerous corrective actions.  See Complaint, ¶¶ 85-86 ("On October 15, 2020, Plaintiff was terminated allegedly due to allowing his domestic partner to be in the backroom unauthorized ..." Plaintiff "asked [his Store Manager] why he was being let go instead of just a written warning" and his Store Manager informed him that his "previous write ups were the contributing factor that Plaintiff was terminated instead of a written warning.")  Plaintiff has not worked a day at Starbucks since October 15, 2020.  See Complaint ¶¶ 85-86.

In the Complaint, Plaintiff alleges that he "appealed" his October 15, 2020 termination with Starbucks.  See Complaint, ¶ 11.  Plaintiff further alleges that Starbucks informed him about the denial of his alleged "appeal" on February 18, 2021.  See Complaint, ¶¶ 11, 88.  Plaintiff did not file an EEOC Charge until "September 28, 2021."[3]  See Complaint, ¶ 14; see also Exhibit A, Plaintiff's Charge of Discrimination.  Plaintiff's Charge is based solely on alleged events that occurred on or before his October 15, 2020 termination.  See Exhibit A.  Plaintiff's Charge contains

---

[2] While not germane to this Motion, Starbucks disputes that Plaintiff identifies as a "Black American" as set forth in the Answer to Plaintiff's Complaint.

[3] A District Court may review an EEOC charge attached to a defendant's motion to dismiss for purposes of determining if the plaintiff exhausted administrative remedies or complied with the statute of limitations. Carter v. Target Corp., 541 F. App'x 413, 416 (5th Cir. 2013) (per curiam).

2

no allegations related to any "appeal" of his termination or any events allegedly occurring after October 15, 2020.  See Exhibit A.  Plaintiff's Charge also specifically identified the "latest date of [alleged] discrimination" as October 15, 2020.  See Exhibit A.  Plaintiff received a Notice of Right to Sue letter on September 30, 2021 and filed this lawsuit 89 days later on December 28, 2021.  See Complaint, ¶ 15.

**B.     Plaintiff's Specific Lawsuit Allegations.**

Plaintiff's Complaint alleges that his October 15, 2020 termination and other alleged adverse actions occurring prior to his termination were motivated by (1) racial discrimination, (2) retaliation for complaining about racial discrimination, (3) religious discrimination, (4) retaliation for complaining about religious discrimination, (5) disability discrimination, and (6) retaliation for complaining about disability discrimination.  See Complaint, ¶¶ 85, 97-164.  Plaintiff further alleges that Starbucks' February 18, 2021 "denial" of his appeal was also discrimination and retaliation on all of these same grounds.  See Complaint, ¶¶ 88, 97-164.

In addition, Plaintiff's Complaint asserts a Title VII racial harassment (hostile work environment) claim premised on the allegations that from approximately September 2019 until his October 15, 2020 termination he suffered harassment at the "Louisiana Street" location and then later at the "Pennzoil" location.  See Complaint, ¶¶ 32-85.  Plaintiff's particular harassment allegations are not pertinent to this Motion because they are ALL time-barred on their face.  However, in summary, Plaintiff alleges that he "was yelled at," he was treated less "friendly," he witnessed someone making a comment that "a Black regular customer" was "one of the good ones," and he received "worse treatment than white and/or light skinned workers" and "unequal scrutiny of work."  See Complaint, ¶¶ 32, 34, 47.[4]  Plaintiff does not allege any harassment

---

[4] For the sake of completeness, Plaintiff's various harassment allegations include (1) on September 13, 2019 Plaintiff "was denied a required work break despite all other workers receiving their breaks" and was "yelled at and otherwise

3

allegations <u>after</u> his October 15, 2020 termination. <u>See</u> Complaint; <u>see</u> Exhibit A. The only Complaint allegation that allegedly occurred after October 15, 2020, is that Starbucks allegedly informed Plaintiff that it had denied his "appeal" of his termination on February 18, 2021 (which was not mentioned anywhere in his September 28, 2021 Charge).

Plaintiff's Complaint is a muddled stew of allegations containing eight (8) different "Counts" of claims. To assist the Court, the chart below identifies Plaintiff's specific claims and the specific grounds why six (6) of these Counts should be dismissed under Rule 12(b)(6).

| Count | Nature of Claim | 12(b)(6) Grounds for Dismissal |
|---|---|---|
| Count I: | **Title VII disparate treatment religious discrimination** based on alleged incidents during his employment, based on his "firing" on October 15, 2020, and based on being informed his termination was "upheld" by Starbucks on February 18, 2021. (See Complaint, ¶¶ 97-104); | Claims based on Oct. 15, 2020 and before are barred by the 300-day limitations period. |
| | | The Feb. 18, 2021 "appeal" claim is barred by failure to exhaust administrative remedies. |
| Count II: | **Title VII race claims including**:<br>(1) **Racial "harass[ment]"** based on various alleged comments, directives, and corrective actions he was given during his employment with Starbucks from September 2019 until October 15, 2020, and | Racially hostile work environment claim is barred by the 300-day limitations period. |
| | (2) **Disparate treatment race discrimination** based on alleged incidents during his employment, based on his October 15, 2020 termination, and based on being informed his termination was "upheld" by Starbucks on February 18, 2021. (See Complaint, ¶¶ 105-112); | Claims based on Oct. 15, 2020 and before are barred by 300 day limitations period. |
| | | The Feb. 18, 2021 "appeal" claim is barred by failure to exhaust administrative remedies. |

---

demeaned publicly" which Plaintiff felt "necessary to document" (Complaint, ¶¶ 33-34), (2) from "September 2019 through December 2019, Plaintiff and others were reprimanded for taking sick days, denied bathroom breaks, and actively denied in full or part their required break time, while [Starbucks] treated the other mostly light skinned workers with friendliness and positivity, even when those co-workers did not show up for their scheduled shifts" (Complaint, ¶ 44), (3) on November 27, 2019 Plaintiff alleges he heard an unidentified employee refer to an unidentified "Black regular customer" as "one of the good ones" (Complaint, ¶ 47), (4) in May 2020 his store manager "further harassed him" (Complaint, ¶ 60), (5) in July 22, 2020 Plaintiff requested a Black Lives Matters t-shirt that he wanted to wear to work but did not receive one and was told he could not wear the shirt to work (Complaint, ¶¶ 72-73, 79), (6) after Plaintiff requested a transfer, he was transferred to the Pennzoil location which was "only about a mile" from his other store (Complaint, ¶ 75), and (7) in September 2020 his new store manager at Pennzoil "began scrutinizing Plaintiff more closely" (Complaint, ¶ 81).

| Count III: | **Section 1981 race discrimination** by "firing him" on October 15, 2020 and by being informed his termination was "upheld" by Starbucks on February 18, 2021. See Complaint, ¶¶ 113-121; | None |
|---|---|---|
| Count IV: | **ADA disability disparate treatment discrimination** "by terminating Plaintiff" on October 15, 2020 "and upholding his termination after his appeal" on February 18, 2021. See Complaint, ¶¶ 122-130; | Claims based on Oct. 15, 2020 and before are barred by the 300-day limitations period. |
| | | The Feb. 18, 2021 "appeal" claim is barred by failure to exhaust administrative remedies. |
| Count V: | **Title VII retaliation** for complaints about religious discrimination "by firing him" on October 15, 2020 and by being informed his termination was "upheld" by Starbucks on February 18, 2021. See Complaint, ¶¶ 131-138; | Claims based on Oct. 15, 2020 and before are barred by the 300-day limitations period. |
| | | The Feb. 18, 2021 "appeal" claim is barred failure to exhaust administrative remedies. |
| Count VI: | **Title VII retaliation** for complaints about race discrimination "by firing him" on October 15, 2020 and by being informed his termination was "upheld" by Starbucks on February 18, 2021. See Complaint. ¶¶ 139-146; | Claims based on Oct. 15, 2020 and before are barred by the 300-day limitations period. |
| | | The Feb. 18, 2021 "appeal" claim is barred by failure to exhaust administrative remedies. |
| Count VII: | **Section 1981 retaliation** for complaints about race discrimination "by firing him" on October 15, 2020 and by being informed his termination was "upheld" by Starbucks on February 18, 2021. See Complaint, ¶¶ 147-155; | None |
| Count VIII: | **ADA retaliation** for complaints about disability discrimination "by terminating Plaintiff" on October 15, 2020 "and upholding his termination after his appeal" on or about February 18, 2021. See Complaint, ¶¶ 156-164. | Claims based on Oct. 15, 2020 and before are barred by the 300-day limitations period. |
| | | The Feb. 18, 2021 "appeal" claim is barred by failure to exhaust administrative remedies. |

5

## II.     Statement of the Issues to be Ruled Upon by the Court

1. Whether Plaintiff's claims for Title VII race and religious discrimination and retaliation and ADA disability discrimination and retaliation based on events that occurred on or before his October 15, 2020 termination are barred by the applicable 300-day limitations period.

2. Whether Plaintiff's claims for Title VII race and religious discrimination and retaliation and ADA disability discrimination and retaliation based on Plaintiff learning on February 18, 2021 that Starbucks denied the appeal of his termination is barred because he failed to administratively exhaust this claim.

3. Whether Plaintiff's claim for Title VII racial hostile work environment based entirely on events that occurred on or before his October 15, 2020 termination is barred by the applicable 300-day limitations period.

## III.     Summary of the Argument

Starbucks requests dismissal of all of Plaintiff's Title VII and ADA claims with prejudice. First, Plaintiff's Title VII and ADA claims for discrimination (race, religion, and disability), and retaliation claims based on alleged adverse actions occurring on or before his October 15, 2020 termination are barred and must be dismissed pursuant to Rule 12(b)(6) because they are outside the applicable 300-day limitations.  Second, Plaintiff's Title VII and ADA claims for discrimination (race, religion, and disability) and retaliation based on Plaintiff allegedly being informed on February 18, 2021 that Starbucks denied his termination "appeal" must be dismissed pursuant to Rule 12(b)(6) because Plaintiff failed to exhaust his administrative remedies on these claims.  Plaintiff's September 28, 2021 Charge is wholly premised on alleged events occurring on or before his October 15, 2020 termination and makes no allegations about any events allegedly occurring in February 2021.  Lastly, Plaintiff's Title VII racially hostile work environment claim must be dismissed.  This claim—based entirely on alleged incidents that all occurred before October 15, 2020—is barred by limitations.

In summary, Counts I, II, IV, V, VI, and VIII of the Complaint must all be dismissed because they are each barred on a collective basis by limitations or by Plaintiff's failure to exhaust administrative remedies. The only facially viable claims that Plaintiff asserts are Count III Section 1981 race discrimination and Count VII Section 1981 retaliation.

## IV.     Arguments and Authorities.

### A.     The Rule 12(b)(6) Standard of Review.

"If the allegations … show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim" under Rule 12(b)(6). Jones v. Bock, 549 U.S. 199, 215 (2007). A complaint must be dismissed if "it appears that [plaintiff] can 'prove no set of facts in support of his claim which would entitle him to relief.'" Jenkins v. McKeithen, 395 U.S. 411, 423 (1969). Rule 12(b)(6) allows a court to eliminate actions with fatal flaws in their legal premises, thus sparing the litigants the burdens of unnecessary pretrial and trial activity. See Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999).

In ruling on a motion to dismiss, the Court should consider only those facts stated on the face of the complaint or incorporated into the complaint by reference, and matters of which judicial notice may be taken. Lovelace v. Software Spectrum, 78 F.3d 1015, 1017 (5th Cir. 1996). An EEOC Charge can be considered in connection with a motion to dismiss for the narrow purpose of determining if the plaintiff exhausted administrative remedies or if the claims are barred by limitations. See Pacheco v. Mineta, 448 F.3d 783, 791 (5th Cir. 2006). If a complaint omits facts concerning pivotal elements of a plaintiff's claim, a court is justified in assuming the non-existence of those facts. Ledesma v. Dillard Dept. Stores, 818 F. Supp. 983, 984 (N.D. Tex. 1993). "[C]onclusory allegations or legal conclusions set forth as factual allegations will not prevent dismissal." Shabazz v. Tex. Youth Comm'n, 300 F. Supp. 2d 467, 470 (N.D. Tex. 2003).

7

B.    **Title VII's and the ADA's Limitations Period and Mandatory Requirement to Exhaust Administrative Remedies.**

Title VII and the ADA provide a two-step administrative and judicial enforcement scheme. See 42 U.S.C. §12117(a). Accordingly, before a plaintiff may file any civil action under Title VII or the ADA, he must exhaust his administrative remedies, which includes filing a charge of discrimination with the EEOC within 300 days of the alleged violations and filing suit within 90 days of receiving a right-to-sue letter from the EEOC. See 42 U.S.C. §2000e-5(b), (e), (f); 42 U.S.C. §12117; Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1846 (2019); Lewis v. City of Chicago, 560 U.S. 205, 210-11 (2010). "An employee alleging discrimination under Title VII must submit a charge to the EEOC." Ernst v. Methodist Hospital Systems, 1 F4th 333, 337–38 (5th Cir. 2021). (citing 29 C.F.R. § 1601.7(a))  The charge must "be in writing and signed and ... verified." Id. (citing 29 C.F.R. § 1601.9). "To satisfy the verification requirement, a charge must be 'sworn to or affirmed before a notary public, designated representative of the [EEOC], or other person duly authorized by law to administer oaths ... or supported by an unsworn declaration in writing under penalty of perjury.'" Id. (citing 29 C.F.R. § 1601.7(a).)  Exhaustion of administrative remedies under Title VII and the ADA is a statutory condition precedent to filing a lawsuit. Zipes v. TransWorld Airlines, 455 U.S. 385, 393 (1982); Dao v. Auchan Hypermarket, 96 F.3d 787, 788–89 (5th Cir. 1996) ("Timely filing an EEOC charge is a "precondition to filing suit in district court.")  Claims in later-filed lawsuits cannot "exceed the scope of EEOC exhaustion." McClain v. Lufkin Indus., Inc., 519 F.3d 264, 273 (5th Cir. 2008).

In assessing whether a charge properly exhausts a particular claim, the court is to construe the charge broadly yet "only find a claim exhausted if it could have been 'reasonably...expected to grow out of the charge of discrimination.'" Jefferson v. Christus St. Joseph Hosp., 374 F. App'x 485, 490 (5th Cir.2010) (quoting McClain, 519 F.3d at 273); see Pacheco, 448 F.3d at 789. The

8

Fifth Circuit does "not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." Castro v. Texas Dept. of Crim. Justice, 541 F. App'x 374, 379 (5th Cir. Sept. 18, 2013) (quoting McClain 519 F.3d at 273).

**C.  The Court should dismiss Plaintiff's time-barred Title VII and ADA discrimination and retaliation claims based on his October 15, 2020 termination and all alleged adverse actions that occurred during his employment with Starbucks.**

"Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify" and constitute a separate, actionable unlawful employment practice. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002); see also Igwe v. Menil Foundation Inc, No. 4:17-cv-03689, 2020 WL 7024374, *3-4 (S.D. Tex. Nov. 30, 2020) (Eskridge, J.) (holding disciplinary action, denial of overtime hours, a low merit bonus, low performance reviews, and denial of training are "discrete" acts). For limitations purposes, a discrete discriminatory or retaliatory act occurs "on the day that it happened." Morgan, 536 U.S. at 110 (2002). In other words, the period commences on the date the alleged violation occurred. See Stith v. Perot Sys., No. 3:02-CV-1424-D, 2004 WL690884, at *10 (N.D. Tex. March 12, 2004) (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 474 (5th Cir. 1989)). Allen v. County of Galveston, 352 F. App'x 937 (5th Cir. 2009). ("The date when the employee receives notice of termination, and not the final date of employment, is the date from which the limitation period begins to run.").

Starbucks terminated Plaintiff on October 15, 2020 and immediately informed him of his termination that same day. See Complaint ¶ 11; see Exhibit A. See Complaint ¶¶ 85-86 Thus, the last possible day that Plaintiff could timely file an EEOC Charge to exhaust his Title VII and ADA claims was August 11, 2021 – 300 days after his termination. However, Plaintiff did not file his Charge until much later on September 28, 2021—348 days after his termination. Consequently,

9

Plaintiff failed to timely exhaust each and every one of his Title VII and ADA claims based on his October 15, 2020 termination or any alleged adverse actions occurring before his termination. See Complaint ¶ 14; see Exhibit A. Specifically, all of Plaintiff's Title VII and ADA allegations in the Complaint except one (learning his "appeal" was denied on February 18, 2021) precede the limitations date. [5] Accordingly, Plaintiff's Starbucks requests that these time-barred Title VII and ADA claims be dismissed with prejudice.

**D.     The Court should dismiss Plaintiff's Title VII and ADA discrimination and retaliation claims based on Starbucks' denial of his "appeal" because he failed to administratively exhaust this claim.**

As stated, Plaintiff limited his September 28, 2021 Charge to claims related to his October 15, 2020 termination and alleged incidents occurring prior thereto. See Exhibit A, Plaintiff's Charge. Plaintiff specifically identified the "latest date of [alleged] discrimination" as October 15, 2020 in his Charge. See Exhibit A. Plaintiff chose not to reference his February 18, 2021 "appeal" of his termination anywhere in the Charge even though the "appeal" was filed and decided *months* before he filed his Charge with the EEOC. See Exhibit A. As a matter of law, Plaintiff's "appeal" claim was not administratively exhausted nor could it be reasonably been inferred from or expected to grow out of the Charge.

The Fifth Circuit and Southern District has consistently dismissed similar plaintiffs' attempts to assert distinct retaliation claims that were not administratively exhausted. See Williams v. AT&T Inc., 356 F. App'x 761, 766 (5th Cir.2009) (affirming dismissal of ADA retaliation claim "because the alleged acts of retaliation occurred prior to his filing his EEOC

---

[5] See Rhodes v. Guiberson Oil Tools Div., 927 F.2d 876, 878 (5th Cir.1991)("filing period begins when the employee receives notice of discharge."); Henderson v. Wal Mart Stores Texas, LLC, No. 4:10-cv-0317, 2010 WL 1525551 (S.D. Tex. Apr. 14, 2010) (Rosenthal, J.) (dismissing Title VII, ADEA, and ADA claims where "the affirmative defense of limitations was apparent from the complaint because 367 days passed between termination and the charge," despite the fact that the plaintiff began corresponding with the EEOC within the 300-day period). Igwe, 2020 WL 7024374, *3-4 ("The statute of limitations bars all allegations of discrete instances of discrimination that occurred prior to the 300th day before the charge filed by Igwe with the EEOC, viz, March 27, 2016.")

charge, Williams' failure to assert his retaliation claims in the EEOC charge now precludes his ability to assert them in federal district court."); see Chhim v. Univ. of Houston Clear Lake, 129 F. Supp. 3d 507, 514 n.8 (S.D. Tex. 2015) (Atlas, J.) (dismissing plaintiff's Title VII "retaliation claim based on a theory that the University terminated him because he previously filed a Title VII lawsuit . . . . for failure to exhaust administrative remedies" because plaintiff's charge did not include "any allegations related to his prior Title VII lawsuit."); see Lemaire v. McRae, No. H-15-1981, 2015 WL 9303121, (S.D. Tex. Dec. 22, 2015) (Atlas, J.) (dismissing retaliation claims premised on plaintiff's failure to be rehired for 2 positions after her layoff because plaintiff's EEOC Charge contained "no mention of Plaintiff's unsuccessful applications for other positions with the County.")[6] Just like in these other cases, Plaintiff's Charge contains no reference or suggestion of an alleged discriminatory or retaliatory "appeal" decision.

By its nature, Plaintiff's distinctly alleged "appeal" denial claim in his Complaint is most closely akin to a distinct failure to rehire claim. The Fifth Circuit and the Southern District have held in similar cases that a plaintiff is required to administratively exhaust this kind of "separate, independent claim" and cannot rely on dated termination allegations in a Charge for the exhaustion requirement. See Sosa v. Guardian Industries Products, No. H-06-1614, 2007 WL 1300463 (S.D. Tex. May 3, 2007) (Werlein, J.) ("Nowhere in the charge are there facts pertaining to Plaintiff's application for re-employment nine months later that would suggest a failure to rehire, which is a separate, independent claim."); see Guillory v. St. Landry Parish Police Jury, 802 F.2d 822, 824 (5th Cir.1986), cert. denied, 482 U.S. 916, 107 S.Ct. 3190, 96 L.Ed.2d 678 (1987) (characterizing

---

[6] See also Wojciechowski v. Nat'l Oilwell Varco, L.P., No. C–10–43, 2010 WL 1960977,*2-3 (S.D. Tex. May 13, 2010) (Graham Jack, J.) (dismissing plaintiff's retaliatory termination claim because she included no allegations about it in her EEOC charge of discrimination filed "three days after she was terminated."); see Davis v. Kroger Co., 4:13-CV-2892, 2016 WL 193785, *4 (S.D. Tex. Jan. 15, 2016) (Harmon, J.) (dismissing and holding "Plaintiff's claim for retaliation based on a reduction in work hours [as opposed to termination] is barred for failure to exhaust administrative remedies" because the Charge "does not refer to any reduction in hours.")

11

a plaintiff's termination and later unsuccessful application for re-employment as "separate instances of alleged discrimination").

For these reasons, Plaintiff's February 18, 2021 "appeal" denial claim must be dismissed with prejudice for failure to exhaust because it was not part of his Charge and could not reasonably have been inferred from or expected to grow out of a reasonable investigation into Charge allegations.

**E.     The Court should dismiss Plaintiff's time-barred Title VII racial harassment claim because all alleged acts of harassment occurred before his October 15, 2020 termination.**

Plaintiff's Complaint also alleges that from around September 2019 until his October 15, 2020 termination, Plaintiff was subjected to a hostile work environment, which included allegedly being yelled at, being denied breaks, and other harassment type allegations. See Complaint, ¶¶ 33-34, 44, 47, 60, 72-73, 75, 79, 81. The last articulated incident of harassment was closer "scrutiny" at the Pennzoil store location in September 2020. See Complaint, ¶ 81. This claim is time-barred because all alleged harassment incidents in the Complaint occurred before Plaintiff's October 15, 2020 termination and Plaintiff did not timely file an EEOC Charge.[7] See Complaint, ¶¶ 33-34, 44, 47, 60, 72-73, 75, 79, 81. None of Plaintiff's allegations of harassment are within the 300-day limitations period (that started on December 2, 2020 and ended with his September 28, 2021 EEOC Charge). See Complaint, ¶¶ 33-34, 44, 47, 60, 72-73, 75, 79, 81. Plaintiff's Charge itself confirms that the alleged harassment occurred prior to his October 15, 2020 termination. See Exhibit A.

---

[7] The ONLY Count in the Complaint which alleges a "harass[ment]" claim is Count II which is Plaintiff's Title VII race discrimination claim. See Complaint ¶ 108 ("Defendants discriminated against Plaintiff by their unlawful conduct of *harassing* him and firing him based on his race, Black.") No other Count alleges or mentions harassment. Nonetheless, even if Plaintiff's Complaint did assert a hostile work environment claim based on either disability and/or religion, such claims are similarly time-barred since all such harassment allegations predate Plaintiff's October 15, 2020 termination.

Accordingly, Plaintiff's Title VII harassment claim is time-barred and must be dismissed. See Martineau v. Arco Chem. Co., No. H–98–1608, 1998 WL 1173513, at *10 (S.D.Tex. Dec.24, 1998), aff'd, 203 F.3d 904 (5th Cir.2000) (Atlas, J.) ("none of the alleged national origin harassment alleged by Plaintiff occurred within the actionable limitations period. Plaintiff's Title VII harassment claim thus is time-barred."); see Washington v. City of Austin No. A–15–CA–222–SS 2015 WL 12990135, *6 (W.D. Tex. Oct. 7, 2015 (Sparks, J)) ("[E]ven were any of the acts outside the limitations period which Washington alleges part of an actionable hostile work environment practice, Washington has failed to allege any act falling within the limitations period such that his claim would be timely.")

## V. Amendment is Futile

The Court should dismiss Counts I, II, IV, V, VI, and VIII of the Complaint with prejudice. Any attempt to amend Plaintiff's Complaint is futile. See Briggs v. Mississippi, 331 F.3d 499, 508 (5th Cir. 2003) ("[T]he proposed amended complaint could not survive a Fed.R.Civ.P. 12(b)(6) motion and allowing [plaintiff] to amend the complaint would be futile.") First, Plaintiff cannot remedy the time-barred nature of his allegations relating to his October 15, 2020 termination and alleged events occurring before then. They will always be barred by the 300-day limitations period. Second, Plaintiff cannot remedy his failure to exhaust any claims premised on alleged events after October 15, 2020 or based on Starbucks allegedly informing him of the denial of his termination appeal on February 18, 2021. Indeed, any attempt now to belatedly file an amended EEOC Charge to administratively exhaust the distinct "appeal" claim would be barred by the 300-day limitations period (which expired on December 15, 2021).[8] Dismissal of these claims with prejudice is appropriate.

---

[8] 300 days after February 18, 2021 is December 15, 2021.

13

## VI. Conclusion

For the above stated reasons, Starbucks respectfully requests that the Court enter an order dismissing Plaintiff's Title VII and ADA claims (including Counts I, II, IV, V, VI, and VIII of Plaintiff's Complaint) with prejudice and award Starbucks any and all other relief to which it may be entitled.

Dated: March 28 , 2022.

Respectfully submitted,

*/s/ Jim Staley*
Jim Staley
Texas State Bar No. 24008071
USDC SD/TX 23108
jim.staley@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
500 Dallas Street, Suite 3000
Houston, Texas 77002
713-655-0855
713-655-0020 (Fax)
**ATTORNEY-IN-CHARGE
FOR DEFENDANTS**

**Of Counsel:**
Ryan Swink
USDC SD/TX 3631019
State Bar No. 24107940
Ryan.swink@ogletree.com
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
500 Dallas Street, Suite 3000
Houston, Texas 77002
713-655-0855
713-655-0020 (Fax)

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 28th day of March, 2022, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. I further certify that I have served all counsel of record via the court's electronic case filing system to the following:

Bruce Coane
**Coane and Associates, PLLC**
Bruce.coane@gmail.com
Stephen Rollins
Stephen.rollins@coane.com
Andrew Francis
Andrew.francis@coane.com
5177 Richmond Ave., Suite 770
Houston, TX  77056
Telephone: 713.850.0066
Fax: 713.850.8528
**ATTORNEYS FOR PLAINTIFF**

                */s/ Jim Staley*
                Jim Staley